IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONES LANG LASALLE AMERICAS, INC., | * * * |
| Plaintiff, | * * CIVIL ACTION NO.: 15-cv-591 |
| v. | * * |
| SHANNON REEVES TYNDALL, | * * |
| Defendant. | * |

## COMPLAINT

COMES NOW Plaintiff and states its complaint against Defendant as follows:

### Parties and Jurisdiction

1.  Plaintiff Jones Lang LaSalle Americas, Inc. ("JLL") is a corporation organized under the laws of the state of Maryland and has its principal place of business in the state of Illinois.

2.  Defendant Shannon Reeves Tyndall ("Tyndall") is a citizen of the state of Alabama and, upon information and belief, is a resident of Mobile County, Alabama.

3.  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### General Allegations

5.  On or about March 1, 2015, Tyndall and JLL entered into an independent contractor agreement ("ICA") whereby Tyndall agreed to provide certain services to JLL for

compensation specified in the ICA. A true and correct copy of the ICA is attached as Exhibit A to this Complaint.

6. Under the terms of the ICA, Tyndall agreed to comply with all of JLL's policies including, but not limited to, JLL's code of business ethics. (ICA ¶ 1(a).)

7. Under the terms of the ICA, JLL paid Tyndall a sign-on bonus in the amount of $100,000. The ICA provided that in the event that the ICA with Tyndall is terminated for cause within two (2) years of March 1, 2015, Tyndall was obligated to repay JLL a pro-rata portion of the sign-on bonus based upon the full number of years that Tyndall is engaged under the ICA. (Exhibit A of the ICA, Sign-On Bonus.)

8. On October 8, 2015, JLL terminated the ICA with Tyndall for cause.

9. As a result of the termination of the ICA for cause before Tyndall was engaged with JLL for a full year, Tyndall is obligated to repay to JLL the entire $100,000 sign-on bonus.

10. JLL made written demand upon Tyndall to repay the sign-on bonus. To date, Tyndall has failed to do so. A true and correct copy of the demand letter is attached as Exhibit B to this Complaint.

11. The ICA provides that if there is litigation to enforce the ICA, the prevailing party is entitled to recover its reasonable attorney's fees and expenses. (ICA ¶ 17.)

## Cause of Action
### Breach of Contract

12. The allegations of paragraphs 1 through 11 are realleged and incorporated herein.

13. Tyndall and JLL entered into a valid contract for which there was an offer, an acceptance, and adequate consideration.

14. Tyndall has breached the terms of the ICA by failing to repay to JLL the sign-on bonus after her ICA was terminated for cause by JLL and written demand for repayment was made.

15. As a result of Tyndall's breach of the ICA, JLL has been damaged in the amount of $100,000.

WHEREFORE, the above premises considered, JLL demands judgment against Tyndall for the sum of $100,000.00, together with interest, costs and a reasonable attorney's fee.

/s/ *J. Marshall Gardner*
JEFFREY M. GRANTHAM
J. MARSHALL GARDNER
*Attorneys for Jones Lang LaSalle Americas, Inc.*

OF COUNSEL:

MAYNARD COOPER & GALE, PC
11 North Water Street, Suite 27000
Mobile, AL  36602-5027
Telephone: (251) 432-0001
Facsimile: (251) 432-0007
mgardner@maynardcooper.com

1901 Sixth Avenue North
Regions Harbert Plaza Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
jgrantham@maynardcooper.com