IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| JONES LANG LASALLE AMERICAS, INC., | * |
| PLAINTIFF/COUNTER-DEFENDANT, | * |
| v. | * Case Number 15-cv-591 |
| SHANNON REEVES TYNDALL, | * |
| DEFENDANT/COUNTER-PLAINTIFF. | * |

### ANSWER AND COUNTERCLAIM

COMES NOW, Defendant Shannon Reeves Tyndall, ("Tyndall") and answers the complaint against her, as follows:

1.  Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 1 of the Complaint and therefore denies the allegations of paragraph 1 of the Complaint and demands strict proof thereof.

2.  Admitted.

3.  Defendant is without sufficient legal knowledge to admit or deny the allegations of paragraph 3 of the Complaint and therefore denies the material allegations of paragraph 3 of the Complaint and demands strict proof thereof.

4.  Defendant is without sufficient legal knowledge to admit or deny the allegations of paragraph 4 of the Complaint and therefore denies the material allegations of paragraph 4 of the Complaint and demands strict proof thereof.

5.  Defendant admits to signing the agreement referred to by the Plaintiff as an independent contractor agreement ("ICA"). Defendant further admits that the document referred to by the Plaintiff as the ICA speaks for itself. Defendant denies any remaining material allegations of paragraph 5 of the Complaint and demands strict proof thereof.

1

6. Defendant admits that the document referred to by the Plaintiff as the ICA speaks for itself. Defendant denies any remaining material allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7. Defendant admits that she received a $100,000 sign-on bonus. Defendant further admits that the document referred to by the Plaintiff as the ICA speaks for itself. Defendant denies any remaining material allegations of paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant admits that she was terminated on October 8, 2015. Defendant denies that the termination is properly categorized as "for cause." Defendant denies any remaining material allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9. Denied.

10. Admitted.

11. Defendant admits that the document referred to by the Plaintiff as the ICA speaks for itself. Defendant denies any remaining material allegations of paragraph 11 of the Complaint and demands strict proof thereof.

12. Defendant adopts her responses to paragraphs 1 through 12 in response to the allegations alleged in paragraph 12 of the Complaint.

13. Defendant admits she signed the ICA. Defendant is without sufficient legal knowledge to admit or deny the remaining allegations of paragraph 13 of the Complaint and therefore denies the remaining material allegations of paragraph 13 of the Complaint and demands strict proof thereof.

14. Denied.

15. Denied.

## Affirmative Defenses

1. Plaintiff lacks standing and/or capacity to sue the Defendant.

2. Plaintiff is barred from recovery under the statute of limitations and the statute of frauds.

3. Plaintiff is barred from recovery due to the Plaintiff's own breaches of the contract.

4. Plaintiff is barred from recovery due to the Plaintiff's own representations, misrepresentations, suppression of facts and deceit.

5. Plaintiff is barred from recovery due to the Plaintiff's own negligence, recklessness, wantonness, willfulness, gross negligence and intentional conduct.

6. Plaintiff barred from recovery under the equitable doctrines of laches, res judicata, collateral estoppel, waiver, estoppel, unclean hands, setoff, recoupment, duress, unconscionability, undue influences, accord and satisfaction, and acquiescence.

7. Plaintiff is barred from recovery because the contract in question is void, voidable, unenforceable and/or illegal.

8. Plaintiff is barred from recovery because she should not have been terminated "for cause."

## COUNTERCLAIM

Defendant and Counter-Plaintiff, Shannon Tyndall ("Tyndall") makes this counterclaim against Plaintiff and Counter-Defendant, Jones Lang Lasalle Americas, Inc. ("JLL"), as follows:

### Count One - Breach of Contract

1. Tyndall and JLL had an agreement that Tyndall would be paid commissions on transactions that closed during the Term of the agreement.

2. JLL has failed to pay commissions to Tyndall on all such transactions, in breach of the agreement.

3. Tyndall has been damaged by the breach.

WHEREFORE, Counter-Plaintiff demands judgment in her favor for all amounts owed under the agreement, including, but not limited to, compensatory damages, attorneys' fees, costs and expenses, and such other, further or different relief to which she may be entitled.

/s/ Jerome E. Speegle
JEROME E. SPEEGLE (SPEEJ6724)
JENNIFER S. HOLIFIELD (HOLIJ4127)
Attorneys for Defendant/Counter-Plaintiff

ADDRESS OF COUNSEL:
Speegle, Hoffman, Holman & Holifield, LLC
P.O. Box 11
Mobile, Alabama 36601
(251) 694-1700
(251) 694-1998 *fax*
jspeegle@speeglehoffman.com
jholifield@speeglehoffman.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this the 8th day of December, 2015, I caused the foregoing to be filed in the Court's electronic filing system, which shall provide electronic notice, to the following:

Jeffry M. Grantham
Maynard Cooper & Gale, PC
1901 Sixth Avenue North
Regions Harbert Plaza Suite 2400
Birmingham, Alabama 35203
jgrantham@maynardcooper.com

J. Marshall Gardner
Maynard Cooper & Gale, PC
11 North Water Street, Suite 27000
Mobile, Alabama 36602-5027
mgarnder@maynardcooper.com

/s/ Jerome E. Speegle