IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONES LANG LASALLE AMERICAS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | | **CIVIL ACTION NO.: 15-0591-CG-C** |
| | * | (Lead case) |
| SHANNON TYNDALL, | | |
| | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| JOSHUA BURMEISTER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: 16-0012-CG-C |
| JONES LANG LASALLE AMERICAS, INC., | * | |
| | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| JONES LANG LASALLE AMERICAS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: 16-0259-CG-C |
| | * | |
| JOSHUA BURMEISTER, | * | |
| Defendant. | | |

**DEFENDANT SHANNON TYNDALL'S ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW, Defendant Shannon Tyndall and answers the First Amended Complaint against her, as follows:

## Parties and Jurisdiction

1. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 1 of the First Amended Complaint and therefore denies the allegations of paragraph 1 of the First Amended Complaint and demands strict proof thereof.

2. Admitted.

3. Defendant is without sufficient legal knowledge to admit or deny the allegations of paragraph 3 of the First Amended Complaint and therefore denies the material allegations of paragraph 3 of the First Amended Complaint and demands strict proof thereof.

4. Defendant is without sufficient legal knowledge to admit or deny the allegations of paragraph 4 of the First Amended Complaint and therefore denies the material allegations of paragraph 4 of the First Amended Complaint and demands strict proof thereof.

## General Allegations

5. Defendant admits to signing the agreement referred to by the Plaintiff as an independent contractor agreement ("ICA"). Defendant further admits that the document referred to by the Plaintiff as the ICA speaks for itself. Defendant denies any remaining material allegations of paragraph 5 of the First Amended Complaint and demands strict proof thereof.

6. Defendant admits that the document referred to by the Plaintiff as the ICA speaks for itself. Defendant denies any remaining material allegations of paragraph 6 of the First Amended Complaint and demands strict proof thereof.

7. Defendant admits that she received a $100,000 sign-on bonus. Defendant further admits that the document referred to by the Plaintiff as the ICA speaks for itself. Defendant denies any remaining material allegations of paragraph 7 of the First Amended Complaint and demands strict proof thereof.

8. Defendant admits that she was terminated on October 8, 2015. Defendant denies that the termination is properly categorized as "for cause." Defendant denies any remaining material allegations of paragraph 8 of the First Amended Complaint and demands strict proof thereof.

9. Denied.

10. Admitted.

11. Defendant admits that the document referred to by the Plaintiff as the ICA speaks for itself. Defendant denies any remaining material allegations of paragraph 11 of the First Amended Complaint and demands strict proof thereof.

### First Cause of Action – Breach of Contract

12. Defendant adopts her responses to paragraphs 1 through 12 in response to the allegations alleged in paragraph 12 of the First Amended Complaint.

13. Defendant admits she signed the ICA. Defendant is without sufficient legal knowledge to admit or deny the remaining allegations of paragraph 13 of the First Amended Complaint and therefore denies the remaining material allegations of paragraph 13 of the First Amended Complaint and demands strict proof thereof.

14. Denied.

15. Denied.

### Second Cause of Action – Unjust Enrichment

16. Defendant adopts her responses to paragraphs 1 through 15 in response to the allegations alleged in paragraph 16 of the First Amended Complaint.

17. Denied.

18. Tyndall admits that she received the $100,000.00. Tyndall denies any remaining material allegations of paragraph 18 of the First Amended Complaint and demands strict proof thereof.

19. Tyndall admits that she received the $100,000.00. Tyndall denies any remaining material allegations of paragraph 19 of the First Amended Complaint and demands strict proof thereof.

20. Denied.

### Affirmative Defenses

1. Plaintiff lacks standing and/or capacity to sue the Defendant.

2. Plaintiff is barred from recovery under the statute of limitations and the statute of frauds.

3. Plaintiff is barred from recovery due to the Plaintiff's own breaches of the contract.

4. Plaintiff is barred from recovery due to the Plaintiff's own representations, misrepresentations, suppression of facts and deceit.

5. Plaintiff is barred from recovery due to the Plaintiff's own negligence, recklessness, wantonness, willfulness, gross negligence and intentional conduct.

6. Plaintiff barred from recovery under the equitable doctrines of laches, res judicata, collateral estoppel, waiver, estoppel, unclean hands, setoff, recoupment, duress, unconscionability, undue influences, accord and satisfaction, and acquiescence.

7. Plaintiff is barred from recovery because the contract in question is void, voidable, unenforceable and/or illegal.

8. Plaintiff is barred from recovery because she was not terminated "for cause.

9. Plaintiff is barred from recovery because Plaintiff received fair value for any benefit that allegedly conferred an unjust enrichment on Defendant.

10. Plaintiff is barred from recovery because Plaintiff's own actions caused any alleged "enrichment" of Defendant.

### Counterclaim

Defendant continues to maintain her previously alleged Counterclaim and, to any extent necessary, adopts and realleges her counterclaim as if fully restated herein.

Respectfully submitted by:

/s/ Jennifer S. Holifield

Jerome E. Speegle (SPE011)
Jennifer S. Holifield (HOL134)
Attorneys for Shannon Tyndall and Joshua Burmeister

Address of Counsel:
Speegle, Hoffman, Holman & Holifield, LLC
P.O. Box 11
Mobile, AL 36601
(251) 694-1700
(251) 694-1998 *fax*
jspeegle@speeglehoffman.com
jholifield@speeglehoffman.com

### CERTIFICATE OF SERVICE

I, certify that on August 22, 2016, I electronically filed the foregoing documents with the Clerk of Court using the CM/ECF system, which will send notification of the filing of the foregoing to all counsel of record.

/s/ Jennifer S. Holifield